# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:12-CV-00078-RLV
## (5:02-CR-00037-RLV-11)

| | |
|---|---|
| ERIC ANTHONY WIMBUSH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. 1.) No response is necessary from the Respondent. For the reasons state herein, Petitioner's Section 2255 Petition will be denied and dismissed.

## I. BACKGROUND

The record of Petitioner's underlying criminal case reflects that on September 10, 2002, a grand jury sitting in this district returned an indictment charging him and ten others with having conspired to possess with intent to distribute five kilograms or more of cocaine powder and fifty grams or more of cocaine base, all in violation of 21 U.S.C. §§ 841 and 846.

On April 22, 2003, Petitioner appeared before the Court and entered a guilty plea to the conspiracy charge without the benefit of a plea agreement. The Court later allowed Petition to withdraw his guilty plea and his case came on for a jury trial on September 13, 2004. The Government presented evidence which tended to show that Petitioner was a mid-level dealer in a conspiracy through which he received and distributed a significant amounts of cocaine base. The

1

jury found Petitioner guilty of having conspired to possess with intent to distribute fifty grams or more of cocaine base.

On March 21, 2005, Petitioner appeared with counsel for his sentencing hearing, and the Court sentenced Petitioner to an active term of 360 months in prison. Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. On October 27, 2006, the Fourth Circuit, in an unpublished opinion, affirmed Petitioner's conviction and sentence. United States v. Wimbush, 204 Fed. App'x 288 (4th Cir. 2006).

On January 30, 2008, Petitioner filed his first Petition under section 2255. The Court entered an Order on April 17, 2008, denying Petitioner any relief and dismissing his Petition. (5:03-cr-37, Doc. 388.) Petitioner noted an appeal to the Fourth Circuit, and on February 5, 2009, the Court filed an unpublished decision dismissing his appeal. Wimbush v. United States, No. 08-7174 (4th Cir. 2009).

On June 13, 2012, Petitioner filed his second Petition for relief under 28 U.S.C. § 2255.

## II. DISCUSSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings," in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

Petitioner's second Motion under section 2255 will be denied and dismissed for two reasons. First, Petitioner has not demonstrated to this Court that he has obtained the necessary certification to file a second petition from the Fourth Circuit. Second, Petitioner's argument that a Supreme Court case, filed June 9, 2012, is retroactive to cases on collateral review represents a misreading of the Supreme Court's decision. In any event, the Fourth Circuit would need to

2

make this finding regarding retroactivity, and to date, the Court has not made such a finding that DePierre is retroactive to cases on collateral review. 28 U.S.C. § 2255(h).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under section 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). As noted above, Petitioner has already filed, and the Court has already denied and dismissed, his first Section 2255 Petition. His appeal of that decision was dismissed by the Fourth Circuit on February 5, 2009.

While the Court finds that his second Section 2255 Motion was filed within one year of the date the DePierre decision was decided, this is of no consequence as the Court in DePierre did not make the decision retroactive to cases on collateral review. There is certainly no support for this assertion in the DePierre decision, and cases interpreting this argument have flatly rejected any finding in favor of retroactivity. See United States v. Crump, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012); United States v. Drew, 2012 WL 2069657, at *2 (N.D. W. Va. June 8, 2012).

Petitioner has provided no evidence that he has received permission to bring this second Section 2255 Petition. Petitioner's Motion must therefore be denied and dismissed as successive. 28 U.S.C. § 2255(h).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion (Doc. 1) be **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003) (stating that in order to satisfy section 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 21, 2012

*/s/ Richard L. Voorhees*
Richard L. Voorhees
United States District Judge