IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-00078-RLV
(5:02-cr-00037-RLV-11)

| | |
|---|---|
| ERIC ANTHONY WIMBUSH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Reconsideration" of the Court's Order denying and dismissing his Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Motion for Reconsideration is denied.

In its Order dismissing Petitioner's Section 2255 motion, which was filed June 15, 2012, the Court noted that this was Petitioner's second Section 2255 motion, and that Petitioner had provided no evidence that he had obtained the necessary authorization from the United States Court of Appeals for the Fourth Circuit which could enable him to file the successive petition. (See Doc. 2 at 1–3.) The Court found that this prevented consideration of Petitioner's second, successive Section 2255 motion without the necessary authorization. See 28 U.S.C § 2255(h). The Court further found that the case authority upon which Petitioner relied to excuse his failure to obtain authorization, DePierre v. United States, 131 S. Ct. 2225 (2011), did not provide him relief because the case had not been made retroactive to cases on collateral review.

Petitioner's present motion for reconsideration will be examined under Rule 59(e) of the

1

Federal Rules of Civil Procedure. The Fourth Circuit has clarified that a Rule 59(e) motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) or to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). Relief through a Rule 59(e) motion is an "extraordinary remedy that should be applied sparingly." Id.

Of the three situations identified above, only the third situation could arguable apply in this instance: Petitioner contends the Court has made an error of law. The Court disagrees and finds that no purpose is served reiterating the findings from the Court's June 21 Order, which dismissed his second Section 2255 motion as successive. Petitioner's Motion to Reconsider is simply an effort to have the Court rethink its decision, and such a motion is improper if the only goal is to ask the Court to "rethink what the Court had already thought—rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Plaintiff has failed to meet any of the requirements for relief under Rule 59(e), and his Motion will therefore be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reconsider (Doc. 4) be **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003) (reiterating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484

(2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 13, 2012

Richard L. Voorhees
United States District Judge

3